IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

TROY K. LARD,

        Plaintiff,

vs.                                  **Case No. 10-4009-RDR**

DOUGLAS A. MATTHEWS and
ELBERT L. CAUSEY,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this action against Douglas A. Matthews, Barton County Attorney, and Elbert L. Causey, Barton County Sheriff, under 42 U.S.C. § 1983. He contends his constitutional rights were violated by the defendants when he was illegally extradited from Washington to Kansas. He also asserts claims under state law. This matter is presently before the court upon defendant Matthews' motion to dismiss and defendant Causey's motion to dismiss and/or for summary judgment. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

In deciding a motion to dismiss, a court ordinarily accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998). In order to survive such a motion, however, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level and to state a

claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Summary judgment is appropriate only if the pleadings, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. McGowan v. City of Eufala, 472 F.3d 736, 741 (10th Cir. 2006). The court must resolve all factual disputes and draw all reasonable inferences in favor of the non-moving party. Id.

In 1995, plaintiff entered a plea of guilty to criminal charges in the District Court of Barton County, Kansas. Following the guilty plea, he was not sentenced. He alleges that the plea agreement provided that sentencing would be deferred as long as he left the State of Kansas and never returned. He further alleges that the agreement provided that "a bench warrant would be issued in order to enforce [his] absence from the state." Plaintiff subsequently left the State of Kansas. A bench warrant was issued on September 22, 1995. The plea agreement was not contained in a written document. His attorney at the time of the plea, James G. Kahler, and the Barton County Attorney at that time, Libbie A. Moore, have no recollection of the agreement alleged by plaintiff. However, there is some support for the agreement in some documents concerning an arrest of the defendant in Colorado in 1997.

Defendant Causey and defendant Matthews were elected to their

respective positions after the criminal proceedings involving plaintiff in 1995. On July 12, 2008, plaintiff was arrested by law enforcement officers in the State of Washington on the aforementioned bench warrant. Defendant Matthews sought extradition of plaintiff to Kansas. Plaintiff eventually waived extradition. Sheriff Causey executed the bench warrant by traveling to Washington and transporting plaintiff to Barton County. Plaintiff made his first appearance before a magistrate on August 14, 2008. His court-appointed attorney filed a motion for discharge in February 2009. The state court judge subsequently dismissed the criminal charges on which plaintiff had already entered a plea and ordered his release. The judge found that the State of Kansas had failed to timely execute the warrant due to the delay of approximately 13 years. Plaintiff then filed the instant action.

In his motion to dismiss, defendant Matthews contends that he is entitled to prosecutorial immunity or, in the alternative, qualified immunity. In his motion to dismiss and/or for summary judgment, defendant Causey asserts that he is entitled to absolute immunity or, in the alternative, qualified immunity.

A prosecutor is absolutely immune from suit for actions in his/her prosecutorial function. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). In Jackson v. New Mexico Public Defender's Office, 361 Fed.Appx. 958, 962 (10th Cir. 2010), the Tenth Circuit recently

3

explained prosecutorial immunity as follows:

> "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." Nielander v. Board of County Com'rs., 582 F.3d 1155, 1164 (10th Cir. 2009) (citing Imbler, 424 U.S. 409, 425-28, 96 S.Ct. 984). Such decisions include "whether and when to prosecute[ ] [and] *whether to dismiss*" a case. Imbler, 424 U.S. at 431 n. 33, 96 S.Ct. 984 (emphasis added). The test is a functional one which focuses on activities "intimately associated with the judicial phase of the criminal process...." Id. at 430, 96 S.Ct. 984. See Forrester v. White, 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). The focus, therefore, is "not on the harm that the conduct may have caused or the question whether it was lawful." Buckley v. Fitzsimmons, 509 U.S. 259, 271, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). The Court in Imbler put it as follows:
>
>> [A] prosecutor inevitably makes many decisions that could engender colorable claims of constitutional deprivation. Defending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials.
>
> Imbler, 424 U.S. at 425-26, 96 S.Ct. 984.

There is little question that the decision of defendant Matthews to extradite the plaintiff based upon the bench warrant was a decision to prosecute. Thus, his decision to pursue extradition, even if wrongful, falls within the activities that are "intimately associated with the judicial phase of the criminal process." See Burrows v. Cherokee County Sheriff's Office, 38 Fed. Appx. 504, 506 (10th Cir. 2002) (district attorney entitled to absolute immunity for seeking an extradition order). Also see

4

Dababnah v. Keller-Burnside, 208 F.3d 467, 471-72 (4th Cir. 2000); Larsen v. Early, 842 F.Supp. 1310, 1313 (D.Colo. 1994); Brooks v. Fitch, 534 F.Supp. 129, 132 (D.N.J 1981). Plaintiff suggests, without any citation to any case involving extradition, that the actions of defendant Matthews constituted "an administrative act." The court fails to find any support for that proposition. Nothing in the complaint filed by plaintiff suggests that defendant Matthews stepped outside his prosecutorial role in pursuing plaintiff's extradition. Accordingly, the court finds that defendant Matthews is entitled to prosecutorial immunity on the § 1983 claim asserted by plaintiff. With this decision, the court need not consider defendant Matthews' alternative argument based on qualified immunity.

The court now turns to the issue of whether defendant Causey is entitled to quasi-judicial immunity. In Moss v. Koop, 559 F.3d 1155, 1163 (10th Cir. 2009) (footnotes omitted), the Tenth Circuit summarized the law of quasi-judicial immunity as follows:

> We have held that "[j]ust as judges acting in their judicial capacity are absolutely immune from liability under section 1983, 'official[s] charged with the duty of executing a facially valid court order enjoy [ ] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.'" Turney v. O'Toole, 898 F.2d 1470, 1472 (10th Cir.1990) (quoting Valdez v. City & County of Denver, 878 F.2d 1285, 1286 (10th Cir. 1989)). Absolute immunity for officials assigned to carry out a judge's orders is necessary to ensure that such officials can perform their function without the need to secure permanent legal counsel. Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006); Valdez, 878 F.2d at 1288.

5

However, we have never held that "'the unquestioning execution of a judicial directive may never provide a basis for liability against a state officer.'" See Turney, 898 F.2d at 1474 (quoting Sebastian v. United States, 531 F.2d 900, 903 n. 6 (8th Cir. 1976)). Rather, there are limits to how unlawful an order can be and still immunize the officer executing it. Id. at 1474. Therefore, we have held that for the defendant state official to be entitled to quasi-judicial immunity, the judge issuing the disputed order must be immune from liability in his or her own right, the officials executing the order must act within the scope of their own jurisdiction, and the officials must only act as prescribed by the order in question. Id. at 1472, 1474.

A review of the undisputed facts here shows that the aforementioned requirements have been met. The bench warrant was facially valid. Plaintiff has not suggested otherwise. Thus, the judge who issued it would be immune from liability. Moreover, defendant Causey was acting within the scope of his jurisdiction when he executed the warrant by transporting the defendant back to Kansas. Finally, he acted only in accordance with the warrant. He transported the plaintiff to Kansas and held him pending further order of the court. Even if the court order was subsequently deemed erroneous, his actions were within the bounds of a facially valid bench warrant. Accordingly, defendant Causey is entitled to summary judgment based upon quasi-judicial immunity.[1] Therefore,

---

[1] In Martin v. Bd. of County Com'rs of Pueblo County, 909 F.2d 402, 405 (10th Cir. 1990), the Tenth Circuit failed to reach the issue of whether quasi-judicial immunity applied to enforcement of a bench warrant. Nevertheless, in subsequent unpublished cases, the court determined that quasi-judicial immunity applied when law enforcement officers executed bench warrants. See Hackett v. Artesia Police Dept., 2010 WL 2113456 at *3 (10th Cir. 2010); Lopez v. Sharpiro, 139 F.3d 912, 1998 WL 67376 at *1 (10th Cir. 1998).

6

the damage claims asserted by plaintiff under § 1983 are barred.

The defendants have also sought dismissal of plaintiff's state law claims. They contend initially that the court should decline to exercise supplemental jurisdiction over these claims. They further argue that the court should dismiss them on the merits or based upon the application of the statute of limitations.

The complaint in this case does indicate that plaintiff has "claims arising under the Kansas state law." However, the complaint contains no specific reference to any Kansas cause of action or claim. Thus, to the extent that such claims are asserted by plaintiff, the court shall decline to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3); see also Tonkovich v. Kan. Bd. of Regents, 254 F.3d 941, 945 (10th Cir. 2001) (affirming dismissal of state law claims where plaintiff's § 1983 claims had all been dismissed and no other basis for federal court jurisdiction remained). It is appropriate to decline to exercise jurisdiction over supplemental state law claims joined with a dismissed federal claim if the litigation is in an early phase and no reason exists to retain jurisdiction over the state law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988)

---

To the extent that issue remains undecided in the Tenth Circuit, this court is confident that such immunity would be applied with equal force to the execution of a bench warrant for all the reasons set forth concerning civil process and contempt orders in Moss and Valdez.

(finding that when federal law claims have been eliminated from a lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice).  Here, this litigation is in its early stages since no discovery has been undertaken by the parties.  Accordingly, the court shall decline to exercise supplemental jurisdiction over these claims.

**IT IS THEREFORE ORDERED** that defendant Matthews' motion to dismiss (Doc. # 4) be hereby granted.

**IT IS FURTHER ORDERED** that defendant Causey's motion to dismiss and/or for summary judgment (Doc. # 9) be hereby granted.

**IT IS SO ORDERED.**

Dated this 23rd day of September, 2010 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge